UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JACK R. STRUCK,                    )
                                   ) No. CV-09-190-JPH
          Plaintiff,               )
                                   ) ORDER GRANTING DEFENDANT'S
v.                                 ) MOTION FOR SUMMARY JUDGMENT
                                   )
MICHAEL J. ASTRUE, Commissioner    )
of Social Security,                )
                                   )
          Defendant.               )
                                   )
_____    )

    BEFORE THE COURT are cross-motions for summary judgment noted
for hearing without oral argument on March 5, 2010 (Ct. Rec. 13,
17).  Attorney Lora Lee Stover represents Plaintiff; Special
Assistant United States Attorney Nancy Mishalanie represents the
Commissioner of Social Security ("Commissioner").  The parties
have consented to proceed before a magistrate judge (Ct. Rec. 6).
After reviewing the administrative record and the briefs filed by
the parties, the court **GRANTS** Defendant's Motion for Summary
Judgment (Ct. Rec. 17) and **DENIES** Plaintiff's Motion for Summary
Judgment (Ct. Rec. 13).

### JURISDICTION

    Plaintiff applied for supplemental security income (SSI) on
June 9, 2006, alleging onset as of August 3, 2003 (Tr. 120-122).
The application was denied initially and on reconsideration (Tr.
92-95, 97-98).  Administrative Law Judge (ALJ) R.S. Chester held a
hearing on May 29, 2008 (Tr. 27-89). Plaintiff, represented by

counsel, medical expert George Rodkey, M.D., and vocational expert K. Diane Kramer testified.  On June 13, 2008, the ALJ issued a decision (Tr. 16-24) finding plaintiff is disabled when substance abuse is included.  The ALJ found DAA is a contributing factor material to plaintiff's disability determination (Tr. 21) and when DAA is excluded, plaintiff can perform past relevant work making him not disabled (Ct. Rec. 22-24).  Accordingly, the ALJ found plaintiff not disabled (Tr. 24).  The Appeals Council first denied review on April 24, 2009 (Ct. Rec. 3-6).  After receiving plaintiff's additional evidence, the Council denied review a second time on May 14, 2009 (Tr. 1-2).  Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on June 23, 2009 (Ct. Recs. 1,4).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, referred to as necessary in the briefs of both plaintiff and the Commissioner, and will only be summarized here.

Plaintiff was 51 years old when he applied for benefits.  He graduated from high school and completed one and a half years of college (Tr. 21,41).  Mr. Struck has worked as a groundskeeper, material handler, institutional cook, and outside deliverer (Tr. 42-48,60-62,68-72).  He alleges disability since August 3, 2003, due to cardiomyopathy, limited right eye vision, COPD, hepatitis C, degenerative disc disease (DDD), hypothyroidism, and degenerative arthrosis in both hands.

1    Plaintiff alleges the ALJ erred when he weighed the medical

2  evidence, assessed credibility, and determined his RFC (Ct. Rec.

3  14 at 9-12).  At the hearing plaintiff's counsel opined "there is

4  a substantial question as to whether DAA is material or not" (Tr.

5  73).  The Commissioner asserts the ALJ's decision should be

6  affirmed because it free of error and supported by the evidence

7  (Ct. Rec. 18 at 8).

8                  **SEQUENTIAL EVALUATION PROCESS**

9    The Social Security Act (the Act) defines "disability"

10  as the "inability to engage in any substantial gainful activity by

11  reason of any medically determinable physical or mental impairment

12  which can be expected to result in death or which has lasted or

13  can be expected to last for a continuous period of not less than

14  twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The

15  Act also provides that a Plaintiff shall be determined to be under

16  a disability only if any impairments are of such severity that a

17  plaintiff is not only unable to do previous work but cannot,

18  considering plaintiff's age, education and work experiences,

19  engage in any other substantial gainful work which exists in the

20  national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

21  Thus, the definition of disability consists of both medical and

22  vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156

23  (9th Cir. 2001).

24    The Commissioner has established a five-step sequential

25  evaluation process for determining whether a person is disabled.

26  20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person

27  is engaged in substantial gainful activities.  If so, benefits are

28  denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 3 -

not, the decision maker proceeds to step two, which determines
whether plaintiff has a medically severe impairment or combination
of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii),
416.920(a)(4)(ii).

     If plaintiff does not have a severe impairment or combination
of impairments, the disability claim is denied.  If the impairment
is severe, the evaluation proceeds to the third step, which
compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity.  20 C.F.R. §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P
App. 1.  If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents plaintiff from
performing work which was performed in the past.  If a plaintiff
is able to perform previous work, that Plaintiff is deemed not
disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At
this step, plaintiff's residual functional capacity ("RFC")
assessment is considered.  If plaintiff cannot perform this work,
the fifth and final step in the process determines whether
plaintiff is able to perform other work in the national economy in
view of plaintiff's residual functional capacity, age, education
and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

     The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 4 -

1  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

2  *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is

3  met once plaintiff establishes that a physical or mental

4  impairment prevents the performance of previous work.  The burden

5  then shifts, at step five, to the Commissioner to show that (1)

6  plaintiff can perform other substantial gainful activity and (2) a

7  "significant number of jobs exist in the national economy" which

8  plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th

9  Cir. 1984).

10      Plaintiff has the burden of showing that drug and alcohol

11  addiction (DAA) is not a contributing factor material to

12  disability.  *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).

13  The Social Security Act bars payment of benefits when drug

14  addiction and/or alcoholism is a contributing factor material to a

15  disability claim.  42 U.S.C. §§ 423 (d)(2)(C)and 1382(a)(3)(J);

16  *Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001); *Sousa v.*

17  *Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998).  If there is

18  evidence of DAA and the individual succeeds in proving disability,

19  the Commissioner must determine whether DAA is material to the

20  determination of disability.  20 C.F.R. §§ 404.1535 and 416.935.

21  If an ALJ finds that the claimant is not disabled, then the

22  claimant is not entitled to benefits and there is no need to

23  proceed with the analysis to determine whether substance abuse is

24  a contributing factor material to disability.  However, if the ALJ

25  finds that the claimant is disabled, then the ALJ must proceed to

26  determine if the claimant would be disabled if he or she stopped

27  using alcohol or drugs.

28                    **STANDARD OF REVIEW**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 5 -

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                      - 6 -

*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579
(9th Cir. 1984).  Nevertheless, a decision supported by
substantial evidence will still be set aside if the proper legal
standards were not applied in weighing the evidence and making the
decision.  *Brawner v. Secretary of Health and Human Services*, 839
F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial
evidence to support the administrative findings, or if there is
conflicting evidence that will support a finding of either
disability or nondisability, the finding of the Commissioner is
conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.
1987).

### ALJ'S FINDINGS

At step one the ALJ found Mr. Struck did not engage in
substantial gainful activity after he applied for benefits (Tr.
18).  At steps two and three, ALJ Chester found plaintiff suffers
from cardiomyopathy, secondary to intravenous (IV) drug use,
limited right eye vision, following cataract surgery, and non-
severe controlled chronic obstructive pulmonary disease (COPD),
quiescent hepatitis C, mild DDD, controlled hypothyroidism and
non-limiting degenerative arthrosis of the bilateral hands (Tr.
18), impairments that are severe but which do not alone or in
combination meet or medically equal a Listed impairment (Tr. 19).
The ALJ found plaintiff less than completely credible (Tr. 23).
When DAA is included, the ALJ found plaintiff disabled (Tr. 21).
He found if Mr. Struck stopped abusing substances, he would still
have severe but not Listing-level impairments (Tr. 21-22).  If
plaintiff stopped abusing substances, the ALJ found he would be
able to perform medium work, enabling him to perform five of his

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                         - 7 -

past jobs (Tr. 22-24).  The ALJ found DAA was a contributing

factor material to the disability determination (Tr. 24).

Accordingly, the ALJ found that plaintiff is barred from receiving

benefits and therefore not disabled as defined by the Social

Security Act (Tr. 24).

**ISSUES**

Plaintiff contends the Commissioner erred as a matter of law

when he failed to properly credit the opinions of the medical

expert and treatment providers, and when he found DAA materially

contributes to the disability finding.  Mr. Struck also alleges

the ALJ erred when he assessed credibility and determined his RFC

(Ct. Rec. 14 at 7).  The Commissioner asserts the Court should

affirm the ALJ's decision because it is without error and

supported by the evidence (Ct. Rec. 18 at 8).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the

existence of a physical or mental impairment by providing medical

evidence consisting of signs, symptoms, and laboratory findings;

the claimant's own statement of symptoms alone will not suffice.

20 C.F.R. § 416.908.  The effects of all symptoms must be

evaluated on the basis of a medically determinable impairment

which can be shown to be the cause of the symptoms. 20 C.F.R. §

416.929.  Once medical evidence of an underlying impairment has

been shown, medical findings are not required to support the

alleged severity of symptoms.  *Bunnell v. Sullivan*, 947, F. 2d

341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight

because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

     In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Dr. Rodkey's testimony**

     Mr. Struck asserts (1) the ALJ had a duty to determine if it is Dr. Rodkey's opinion plaintiff meets the requirements of

current Listings 4.02 or 4.04; (2) the ALJ could have taken judicial notice plaintiff's cardiac condition met or equaled a Listed impairment; and (3) because Dr. Rodkey's RFC for medium work failed to take into account all of Mr. Struck's impairments, the ALJ erred by adopting his assessment (Ct. Rec. 14 at 10-11).

Plaintiff alleges the ALJ failed to properly weigh Dr. Rodkey's opinion with respect to Mr. Struck's heart condition (Ct. Rec. 14 at 9-10; Tr. 30). Dr. Rodkey opined plaintiff's cardiac condition met Listing 4.08, as Mr. Struck observes (Ct. Rec. 14 at 10; Tr. 30).

With respect to the first period of Listing-level impairment, Dr. Rodkey testified plaintiff's ejection fraction (EF) of fifteen percent (15%) in September of 2003 prevented all work. His opinion was based on an outdated (January 2005) "Blue Book" indicating an EF of less than thirty percent (30%) met Listing 4.08 (Tr. 30-31;35). In his decision the ALJ acknowledges Dr. Rodkey relied on an outdated version of the Listings (Tr. 20). The outdated Listing has no significance, however, because Dr. Rodkey testified plaintiff's EF improved to 43% in less than a year. Because the condition did not last twelve months as required, Mr. Struck was *not* disabled pursuant to the Listing during this period (Tr. 30,34,37). The ALJ properly relied on Dr. Rodkey's testimony because it is supported by objective evidence, namely, plaintiff's ejection fraction test results.

Dr. Rodkey testified plaintiff met the same Listing beginning in May of 2007 (Tr. 31-33). He based his opinion on the records of treating cardiologist Susan Alexander, M.D., who noted plaintiff's EF was 15% in November of 2007 (Tr. 31,396). Dr.

Alexander diagnosed nonischemic cardiomyopathy, and opined plaintiff's EF was due to long-term IV drug use, specifically, cocaine, methamphetamines and narcotics (Tr. 395). Dr. Rodkey testified plaintiff's cardiomyopathy is the result of IV drug use over a period of three decades (Tr. 30,33).

The Commissioner acknowledges Dr. Rodkey opined plaintiff's cardiomyopathy met the Listings beginning on or about May of 2007 (six months prior to November of 2007) (Ct. Rec. 18 at 9, referring to Tr. 33). The Commissioner points out Dr. Rodkey opined Mr. Struck's cardiac condition was caused by IV drug use rather than coronary artery disease. (Ct. Rec. 18 at 9; citing Tr. 31,33,36,264,266,274,276,374,377). It is hard to imagine a clearer case of DAA as a materially contributing factor.

The Commissioner notes some of the evidence supporting Dr. Rodkey's DAA opinion includes: (1) Mr. Struck's condition "markedly improved" during a period of abstinence (Ct. Rec. 18 at 9-10, referring to Tr. 30,36-37,269,380); and (2) in September of 2006 Mr. Struck's EF was normal. About a year later plaintiff tested positive for cocaine, opiates and amphetamines. His EF was 15% (Tr. 19,31,274-276,370,373-375,394).

Plaintiff fails to note that the record as a whole, including the opinions of treating specialists, fully supports the ALJ's determination Mr. Struck is disabled when DAA is included and DAA is contributing factor material to the disability determination.

Because plaintiff is disabled with DAA included, as the ALJ found, he is barred from receiving benefits.

Plaintiff argues the ALJ had a duty to determine if Dr. Rodkey would find Mr. Struck met or equaled the current Listing

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 11 -

for cardiomyopathy; alternatively, he avers the ALJ should have taken judicial notice Mr. Struck's heart condition met or equaled the current Listings 4.02 and 4.04 (Ct. Rec. 14 at 10). Plaintiff's argument fails because the ALJ found Mr. Struck disabled when DAA is included.  In such cases, the only relevant issue is the materiality of DAA.  And as the Commissioner accurately observes, plaintiff bears the burden of establishing a Listing-level impairment at step three, not the Commissioner.

Plaintiff alleges Dr. Rodkey's RFC is erroneous because he failed to factor in the effects of all of Mr. Struck's combined impairments, an error repeated by the ALJ when he adopted Dr. Rodkey's RFC (Ct. Rec. 14 at 10).  The record states otherwise. Dr. Rodkey testified cardiomyopathy is plaintiff's only severe impairment, and there is not "anything about those [nonsevere impairments] that in combination with an ejection fraction of 40 [normal] that would limit his activities" (Tr. 35).

The ALJ assessed an RFC for medium work when DAA is excluded. His determination is fully supported by the evidence, including most of the opinions of treating professionals, the agency reviewing doctors, and the medical expert's testimony.  Plaintiff essentially argues the ALJ should have given more credit to the opinion of an ARPN than to those of treating cardiologists.  The law dictates otherwise.  Plaintiff alleges his jobs while incarcerated do not qualify as past relevant work.  Because plaintiff cites no authority for the proposition the Court does not consider it. The ALJ's assessment of the medical opinion and other evidence is supported by the record and without legal error. Accordingly, the RFC and questions to the VE are sufficient.  *See*

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 12 -

1   *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

2       The RFC is also supported by the ALJ's assessment of

3   plaintiff's credibility, as set out below.  Because the RFC is

4   based on the limitations found supported by credible evidence, the

5   ALJ's determinations are without error.

6   **C.  Plaintiff's credibility**

7       To aid in weighing the conflicting medical evidence, the ALJ

8   evaluated plaintiff's credibility and found him less than fully

9   credible (Tr. 23).  Credibility determinations bear on evaluations

10  of medical evidence when an ALJ is presented with conflicting

11  medical opinions or inconsistency between a claimant's subjective

12  complaints and diagnosed condition.  *See Webb v. Barnhart*, 433

13  F.3d 683, 688 (9th Cir. 2005).

14      It is the province of the ALJ to make credibility

15  determinations.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

16  1995).  However, the ALJ's findings must be supported by specific

17  cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.

18  1990).  Once the claimant produces medical evidence of an

19  underlying medical impairment, the ALJ may not discredit testimony

20  as to the severity of an impairment because it is unsupported by

21  medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.

22  1998).  Absent affirmative evidence of malingering, the ALJ's

23  reasons for rejecting the claimant's testimony must be "clear and

24  convincing."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

25  "General findings are insufficient: rather the ALJ must identify

26  what testimony not credible and what evidence undermines the

27  claimant's complaints."  *Lester*, 81 F.3d at 834; *Dodrill v.*

28  *Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 13 -

The ALJ relied on several factors when he assessed plaintiff's credibility, some of which include: (1) inconsistent statements about drug use; (2) failure to follow prescribed course of treatment; and (3) activities inconsistent with the degree of impairment alleged. (Tr. 19 at fn 1, Tr. 23).  Each is clear, convincing and supported by the record.

The ALJ notes in July of 2006 plaintiff told treating physician L. Douglas Waggoner, Jr., M.D., he had been clean since August of 2003 (Tr. 19 at fn 1, referring to Tr. 264).  The ALJ politely opines plaintiff may have been an unreliable historian (Id).  In November of 2008, plaintiff told Eric Pearson, PAC, he quit drugs in 2003 (Tr. 441).  On September 24, 2007, Mr. Struck tested positive for cocaine, methamphetamine and opioids (Tr. 370, 393).  Citing *Verduzco v. Apfel*, 188 F.3d 1087,1090 (9th Cir. 1999), the Commissioner correctly observes untruthfulness about substance abuse is a clear and convincing reason to reject a claimant's testimony (Ct. Rec. 18 at 15).

In September of 2007, plaintiff told treatment providers in the ER he had not taken prescribed cardiac medication for at least a year (Tr. 370).  Failing to follow a prescribed course of treatment can cast doubt on a claimant's sincerity.  *Fair v. Bowen*, 885 F.2d 597,603 (9th Cir. 1989); *Thomas v. Barnhart*, 278 F.3d 947,958-959 (9th Cir. 2002).

The ALJ found plaintiff's activities of making home repairs, doing yard work, and walking 5-6 blocks without rest "belie his allegations that he is essentially incapacitated" (Tr. 23).  This is a clear and convincing reason to doubt veracity.  *See Tomasetti v. Astrue*, 533 F.3d 1035 (9th Cir. 2008)(proper to discredit

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 14 -

testimony based on inconsistency with reported daily activities).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas,* 278 F. 3d at 958-959 (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The record shows the ALJ's credibility assessment is supported by the evidence and by clear and convincing reasons.

The ALJ found DAA material to his determination, a legally and factually correct finding.

### CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 17)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 15 -

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 28th day of April, 2010.

s/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 16 -